IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 2 9 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA for the use of Sunbelt Express Services, Inc.<br><br>Plaintiff,<br><br>VS.<br><br>FEDERAL INSURANCE COMPANY<br><br>Defendant. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. B-01-154 |

**DEFENDANT FEDERAL INSURANCE COMPANY'S MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM, MEMORANDUM IN SUPPORT THEREOF
AND ORIGINAL ANSWER SUBJECT THERETO**

As authorized by Federal Rule of Civil Procedure 12(b)(6) Defendant Federal Insurance Company ("FIC") files this its Motion to Dismiss the complaint of the United States of America for the use of Sunbelt Express Services, Inc. ("Plaintiff"), on the grounds that Plaintiff has failed to state a claim upon which relief can be granted. In addition, FIC files its memorandum in support of the motion to dismiss. Finally, and subject to its motion to dismiss, FIC files its Original Answer to Plaintiff's Original Complaint ("the Complaint"). In respect of both its motion to dismiss and its answer, FIC would show the Court as follows:

I.

INTRODUCTION

1.  Plaintiff has brought this suit in the name of the United States of America under the

provisions of 40 U.S.C. §§ 270a-d (the "Miller Act"), for the use of plaintiff-party-in-interest Sunbelt Express Services, Inc. ("Sunbelt"). Federal Insurance Company has been named as the sole defendant in this suit.

2. Although Plaintiff has referenced the Miller Act, Plaintiff has only alleged a cause of action for Breach of Contract.

3. In complaining against FIC for the purported Breach of Contract of another entity, Plaintiff has failed state a claim upon which relief can be granted. As such, Plaintiff's suit should be dismissed. In the alternative, Plaintiff's cause of action for Breach of Contract should be dismissed from Plaintiff's suit.

## II.

## ARGUMENT

4. The court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint demonstrates, beyond doubt, that the Plaintiff cannot prove any set of facts that would entitle it to relief. *Doe v. Hillsboro ISD*, 81 F.3d 1395, 1401-02 (5th Cir. 1996).

5. Plaintiff's Original Complaint fails to allege the existence of any contract between Sunbelt and FIC, but instead merely makes the erroneous, and irrelevant assertion that "... Plaintiff entered into a subcontract (the "subcontract") with MW Builders, Inc..." The Complaint goes on to allege that Sunbelt performed its obligations under the contract, and that MW Builders, Inc. breached its contract by failing to pay Sunbelt in accordance with the terms of the contract. However, MW Builders, Inc. is not a party to the lawsuit instituted by Sunbelt's complaint.

6. Even if Sunbelt proves all of these allegations–which is impossible since Sunbelt does not have a contract with MW Builders–Sunbelt has not set forth the necessary elements to state a claim of breach of contract against FIC upon which relief can be granted. The essential elements in

a suit for breach of contract are: (1) the existence of a valid contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff was damaged as a result of the breach. *Southwell v. Univ. of the Incarnate Word*, 974 S.W.2d 351, 354-55 (Tex.App.–San Antonio 1998, pet. denied). Since Plaintiff has failed to allege the existence of a valid contract between Sunbelt and FIC, and has failed to allege that FIC breached any contract, Plaintiff's Original Complaint is facially insufficient to support a claim for breach of contract against FIC.

7.  Although Plaintiff's Original Complaint makes a vague reference to 40 U.S.C. §270a and seeks recovery from FIC as "surety," the only cause of action alleged against FIC is one for breach of contract. As noted above, the Complaint does not allege the necessary facts to support a claim for breach of contract cause of action against FIC. Because Plaintiff has not and cannot state a cognizable claim for breach of contract against FIC, the court should dismiss the Plaintiff's suit.

## III.

## ADMISSIONS AND DENIALS

8.  Subject to and without waiving its motion to dismiss Plaintiff's suit, FIC would answer Plaintiff's Original Complaint and show as follows:

9.  The averments contained in Paragraph 1 of Plaintiff's Original Complaint ("the Complaint") contain legal conclusions to which no response is required. However, FIC admits that Paragraph 1 correctly states a portion of 40 U.S.C. § 270b(b).

10. "Sunbelt Express, Inc." is not styled as the plaintiff-party-in-interest in the Complaint. FIC is without knowledge or information sufficient to form a belief as to the truth of the averment contained in the first sentence of Paragraph 2 of the Complaint that "Sunbelt Express, Inc." is a Texas Corporation. Accordingly, FIC denies same. Furthermore, although it has not been averred

in the Complaint, FIC is also without knowledge or information sufficient to form a belief as to whether "Sunbelt Express Services, Inc.," the entity which has been styled as the plaintiff-party-in-interest, is a Texas Corporation. Accordingly, FIC denies same.

11.  The averments contained in the second sentence of Paragraph 2 of the Complaint contain legal conclusions to which no response is required. Accordingly, FIC denies same. FIC admits that it is a corporation organized under the laws of the state of Indiana, and that its principal place of business is in New Jersey. FIC denies that it does not have a registered agent for service in Texas. As required by the Texas Insurance Code, FIC maintains an attorney for service of process in Texas. That attorney is Mr. Parker Rush, 2001 Bryan St, Suite 3400, Dallas, Texas 75201-3068. FIC denies the remaining averments contained in the second sentence of Paragraph 2 of the Complaint for the reason that Constructive Service is only proper through the Texas Commissioner of Insurance.

12.  Upon information and belief, FIC admits the averments contained in the first sentence of Paragraph 3 of the Complaint. Although none of the attachments to Plaintiff's Original Complaint have been labeled as Exhibit "A," Plaintiff has attached copies of a performance bond and a payment bond. "Sunbelt Express, Inc.," is not listed on either of these documents. Therefore to the extent that FIC understands the averment contained in the second sentence of Paragraph 3 of the Complaint that "Sunbelt Express, Inc. provided a payment bond," FIC is without knowledge or information sufficient to form a belief as to the truth of said averment. Accordingly, FIC denies same.

13.  MW Builders, Inc. is not styled or named as a party in the Complaint. Moreover, MW was not served with Plaintiff's Original Complaint. As such, FIC denies the averment contained in the third sentence of Paragraph 3 of the Complaint that MW Builders, Inc. is a "Defendant" in this case. Furthermore, MW Builders, Inc. is not listed as a surety on any of the

documents attached to the Complaint. As such, and upon further information and belief, FIC denies the averment contained in the third sentence of Paragraph 3 of the Complaint that "MW Builders, Inc. is the surety" on any bond allegedly provided by "Sunbelt Express, Inc." FIC admits that there are a number of documents attached to the Complaint, but denies the averment that any are labeled as Exhibit "A." Furthermore, FIC denies that said documents purport to demonstrate the truth of the averments contained in Paragraph 3 of the Complaint.

14. Upon information and belief, FIC denies each of the averments contained in the first sentence of Paragraph 4 of the Complaint. Although none of the attachments to Plaintiff's Original Complaint have not been labeled as Exhibit "B," FIC admits that Plaintiff has attached a document titled "Statement of Account." However, FIC denies the averment contained in the second sentence of Paragraph 4 of the Complaint that said "Statement of Account" is a series of subcontracts between Plaintiff and MW Builders, Inc.

15. FIC is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the third sentence of Paragraph 4 of the Complaint that "Plaintiff proceeded to perform its obligations under the contract." Accordingly, FIC denies same. FIC is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the fourth sentence of Paragraph 4 of the Complaint regarding the timeliness or propriety of Plaintiff's performance. Accordingly FIC denies same. Upon information and belief, FIC admits that MW Builders has not paid Plaintiff; however, FIC denies the averments contained in the fourth sentence of Paragraph 4 of the Complaint that such action constitutes a failure on the part of MW Builders. Furthermore, FIC denies the averment contained in the fourth sentence of Paragraph 4 of the Complaint that MW Builders was or is required by any contract to pay Plaintiff. Finally FIC denies the averment contained in the fifth sentence of Paragraph 4 of the Complaint that

all conditions precedent to Plaintiff's recovery have been satisfied or have been performed.

16. Upon information and belief, FIC admits that MW Builders has not paid Plaintiff; however, FIC denies the averments contained in the first sentence of Paragraph 5 of the Complaint that Plaintiff has a contract with MW Builders, Inc. and therefore FIC further denies that MW Builders, Inc. has breached a contract by not paying Plaintiff.

17. FIC is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the second sentence of Paragraph 5 of the Complaint that "Plaintiff has been damaged in the amount of $11,943.00." Accordingly, FIC denies same. FIC denies the averment contained in the second sentence of Paragraph 5 of the Complaint that any damages allegedly suffered by Plaintiff are the result of a breach of contract by MW Builders, Inc.

18. Although Plaintiff has listed numerous confusing, irrelevant, and erroneous allegations, has failed to properly identify attachments to the Complaint, and has not properly alleged a number of the necessary elements to recovery under the Miller Act, to the extent that FIC understands those allegations, FIC denies the averment contained in the third sentence of Paragraph 5 of the Complaint that "Plaintiff is entitled to recover this amount from Defendant as Surety on the bond." Finally FIC denies the averment contained in the fourth sentence of Paragraph 5 of the Complaint that "Plaintiff has satisfied all conditions precedent to suit."

IV.

SPECIFIC DENIAL

19. FIC specifically denies that Plaintiff has satisfied the notice requirements of 40 U.S.C. § 270b that are conditions precedent to the right to recover under 40 U.S.C. §§ 270a-d.

## V.

## AFFIRMATIVE DEFENSES

20. *No Privity:* FIC is not liable to plaintiff for breach of contract because there is no privity of contract between Plaintiff and FIC.

21. *Laches:* FIC is not liable to Plaintiff because Plaintiff's claim is foreclosed by the doctrine of laches. Plaintiff unreasonably refrained from asserting a demand for payment, and during the delay, the rights of FIC have undergone a material change. As a result, their ability to defend against the claim has been prejudiced.

22. *Estoppel by Contract:* Upon information and belief, Plaintiff made representations to River Construction—the entity in privity with Plaintiff—regarding the price of material and/or labor that it offered to provide to the federal public works project in question. Upon information and belief, any such material and/or labor was accepted in reliance upon Plaintiff's representations. As a result, Plaintiff should be estopped from claiming that the terms of its delivery of material and/or labor differs from the representations that it made in its offer to River Construction.

## VI.

## PRAYER

23. For the reasons listed above, Defendant Federal Insurance Company respectfully asks the court to:

    a. Grant its Motion to Dismiss Plaintiff for Failure to State a Claim;

    b. in the alternative to dismissing Plaintiff's entire suit, dismiss Plaintiff's claim for breach of contract for failure to state a claim upon which relief can be granted;

    c. render judgment such that Plaintiff take nothing by reason of this suit

    d. award FIC their reasonable and necessary attorney's fees;

**FEDERAL INSURANCE COMPANY'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM,
MEMORANDUM IN SUPPORT THEREOF, and ORIGINAL ANSWER SUBJECT THERETO**
A-123321.1                                                                    Page 7

  e.  assess costs of court against the Plaintiff; and

  f.  award FIC all such other relief at law and in equity to which it is justly entitled.

            Respectfully submitted,

            HAYNES AND BOONE, LLP
            1600 One American Center
            600 Congress Avenue
            Austin, Texas 78701
            Telephone: (512) 867-8400
            Telecopier: (512) 867-8470

            _____
            Matthew J. Sullivan
            State Bar No. 19488325
            Federal I.D. 16960

            ATTORNEYS FOR DEFENDANT
            FEDERAL INSURANCE COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was sent to the following by certified mail, return receipt requested, and telecopy on this 29th day of November, 2001:

Gene McCullough, Esq.
McCullough and McCullough
P.O. Box 2244
Harlingen, TX 78551-2244

_____
Matthew J. Sullivan

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA for the use of Sunbelt Express Services, Inc. § § § Plaintiff, § § § § VS. § § FEDERAL INSURANCE COMPANY § § Defendant. § § | | CIVIL ACTION NO. B-01-154 |

## ORDER ON DEFENDANT FEDERAL INSURANCE COMPANY'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

On _____, _____ the court considered Defendant Federal Insurance Company's Motion to Dismiss for Failure to State a Claim. After considering the motion and the response, the court GRANTS the motion and dismisses Plaintiff's suit.

SIGNED on _____, _____

_____
United States District Judge

APPROVED & ENTRY REQUESTED:

_____
Matthew J. Sullivan
Attorney for Federal Insurance Company

ORDER ON DEFENDANT FEDERAL INSURANCE COMPANY'S MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM
A-123321.1　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 1